Hearing Date:  October 2, 2019
Hearing Time:        9:30 a.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK (Brooklyn)
-----------------------------------------------------------------x
In re:

Case No. 19-45294 (ESS)

**Verlene G. King,**                                        Chapter 11

                                        Debtor.
-----------------------------------------------------------------x

### AMENDED OPPOSITION TO
### DEBTOR'S MOTION FOR CONTINUATION OF THE AUTOMATIC STAY

THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, SUCCESSOR IN INTEREST TO JPMORGAN CHASE BANK, N.A. AS TRUSTEE FOR STRUCTURED ASSET MORTGAGE INVESTMENTS II INC., BEAR STEARNS ALT-A TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-5 by its servicer Specialized Loan Servicing LLC ("Secured Creditor"), by and through undersigned counsel, hereby files its Opposition (the "Opposition") to the Debtor's Motion for Continuation of Automatic Stay (the "Motion") [Dkt No. 3] seeking a court order imposing the automatic stay under 11 U.S.C. §362(c)(3) filed by the debtor Verlene G. King ("Debtor"), and in opposition states as follows:

### I.        INTRODUCTION

1.        Debtor is not entitled to an order imposing the automatic stay under 11 U.S.C. §362(c)(3) since this is the Debtor's **fourth** bankruptcy filing since 2016 and **second** filing in the last year.  A presumption of bad faith applies under the Bankruptcy Code.  Debtor has failed to rebut the presumption.

2.        The Motion neglects to set forth that:

1

(a) this is Debtor's fourth bankruptcy filing since April 20, 2016;

(b) Secured Creditor obtained a foreclosure judgment, dated September 18, 2016, in the amount of $1,145,209.01 (the "Foreclosure Judgment") against the three-family house located at 163 Adelphi Street, Brooklyn, NY 11205 (the "Property").  A copy of the Foreclosure Judgment is annexed hereto as **Exhibit A**;

(c) the New York State Supreme Court denied the Debtor's Order to Show Cause to stay foreclosure in May of 2018.  A copy of the state court's denial of the Debtor's application for an Order to Show Cause is annexed hereto as **Exhibit B**;

(d) the Debtor's last bankruptcy petition was filed on May 10, 2018 which was the date of the scheduled foreclosure sale of the Property;

(e) that Debtor has not filed supporting schedules to evidence her ability to fund a Plan or ability to afford any type of financing; and

(f) Debtor has not filed a motion to approve the use of cash collateral.

3.    The Motion also fails to provide any supporting documentation of the Debtor's alleged equity in the Property in the amount of $600,000.00.

4.    Since Debtor's initial filing in 2016, Debtor has had over three (3) years to reorganize her debts, sell property, seek loan modification, and comply with the Bankruptcy Code, but she has failed to do so despite having sought this Court's assistance of four (4) separate occasions to implement a liquidation or reorganization effort with respect to her outstanding obligations.  Debtor has also failed to show any significant change in circumstance to overcome the presumption of bad faith to justify the current filing.  As a result, the Motion should be denied.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

5.    On May 20, 2009, Secured Creditor filed a Summons, Complaint and Notice of

Pendency, bearing Index No. 12466/2009 against Debtor with respect to the Property.

6.      The Foreclosure Judgment was signed on September 8, 2016 in the amount of $1,145,209.01.  See Exhibit A.

7.      The foreclosure sale of the Property was scheduled for May 10, 2018.

8.      The state court denied Debtor's Order to Show Cause to stay foreclosure in May 2018. See Exhibit B.

9.      Thus, Debtor filed a petition for Chapter 13 on the date of the scheduled foreclosure sale in order to stop the sale of the Property.

**The Prior Bankruptcy Cases**

    a.      *First Bankruptcy Case*

10.     On April 20, 2016, Debtor filed a *pro se* bare bones chapter 13 voluntary petition in the Eastern District of New York; Case Number 16-41653 (the "First Bankruptcy Case").

11.     On July 19, 2016, the Court entered an Order Dismissing the First Bankruptcy Case pursuant to §521(i) as Debtor failed to file supporting schedules.  *See* First Bankruptcy Case*, Dkt. Nos. 19 & 21.

    b.      *Second Bankruptcy Case*

12.     On July 6, 2016, the Debtor filed a second *pro se* bare bones chapter 13 voluntary petition in the Eastern District of New York; Case Number 16-43000 (the "Second Bankruptcy Case").

13.     On January 12, 2017, the Court entered an Order Dismissing the Second Bankruptcy Case based on the Debtor's failure to file supporting schedules.  *See* Second Bankruptcy Case*, Dkt. No. 25.

c.      *Third Bankruptcy Case*

14.     On May 10, 2018, Debtor filed a third *pro se* chapter 13 voluntary petition under

Chapter 13 in the Eastern District of New York; Case Number 18-42710 (the "Third Bankruptcy

Case").

15.     On July 20, 2018, the New York City Water Board filed a secured proof of claim in

the amount of $7,554.39.

16.     On November 19, 2018, the Court entered an Order dismissing the Third Bankruptcy

Case based on, among other things, the proposed plan was not sufficiently funded to pay secured

claims, Debtor failed to commence making plan payments, Debtor failed to provide federal income

tax returns, and Debtor failed to appear at §341(a) meeting.  *See* Fourth Bankruptcy Case*, Dkt. No.

27.

d.      *The Instant Bankruptcy Case*

17.     On September 3, 2019, Debtor filed the instant **fourth** voluntary petition, this time,

under Chapter 11 of the Bankruptcy Code, in the Eastern District of New York; Case Nnumber 19-

45294 (the "Instant Case").

18.     Pursuant to 11 U.S.C. §362(c)(3)(A)(i), and given the prior dismissed bankruptcy in

the preceding year, the automatic stay terminates upon the 30th day after filing of the Instant Case.

19.     Debtor's petition, once again, fails to provide any supporting schedules.

20.     According to Debtor's "List of Creditors Who Have the 20 Largest Unsecured Claims

Against You and Are Not Insiders", aside from the Foreclosure Judgment, there is a secured

judgment of $500,000 by Douglas Candella Olga Ga [Dkt No. 1].

21.     On September 3, 2019, Debtor filed the Motion [Dkt No. 3] setting forth that aside

from Secured Creditor's lien, there are "couple of other judgments obtained through default" and

a "lien of hard money lender with a claim of $200,000".

22.     The Motion alleges equity in the Property of $500,000 but does not provide a market value for the Property or a supporting appraisal.  The Motion provides that Debtor "wants to refinance the property" but does not set forth supporting schedules listing Debtor's ability to pay her secured debt.

23.     Secured Creditor's drive-by appraisal of the Property indicates a value of $1,600,000.  See **Exhibit C**.

24.     Given a market value of $1,600,000, Foreclosure Judgment of $1.1 million plus 4.5% statutory interest since September 2016, a Judgment of $500,000 by Douglas Candella Olga Ga and a $200,000 "lien of hard money" there does not appear to be any equity in the Property for the benefit of the estate or other creditors of the estate.

### III. ARGUMENT

### AUTOMATIC STAY SHOULD BE TERMINATED UNDER 11 U.S.C. §362(c)(3) SINCE DEBTOR DID NOT OVERCOME THE PRESUMPTION OF BAD FAITH

25.     Debtor's Third Bankruptcy Case was dismissed on January 31, 2019 and the Instant Case was filed on September 3, 2019.  Thus, pursuant to §362(c)(3)(A) of the Bankruptcy Code, the automatic stay terminates thirty (30) days following the filing of the Instant Case.

26.     The Motion cannot be granted because Debtor has failed to overcome the presumption of bad faith with clear and convincing evidence.  *In re Fisher*, 2018 W 6075611 at *5 (Bankr. D. Vt. 2018) (holding that under the statute, there is a presumption that the case was not filed in good faith, although it may be rebutted by clear and convincing evidence to the contrary) citing 11 U.S.C. §362(c)(3).

27.     If an individual "case is dismissed and the petitioner files another bankruptcy case

within one year of the dismissal, then the automatic stay will be in place for only thirty days unless, upon motion by a party in interest and after notice and a hearing, the court extends the stay." *In re Seaman*, 340 B.R. 698, 701 (Bankr. E.D.N.Y., 2006) (citing 11 U.S.C. §§ 362(c)(3)(A) and 362(c)(3)(B)).

28.    With respect to section 362(c)(3)(B), and pursuant to section 362(c)(3)(C), there is a presumption that the second filing is not made in good faith.  This presumption can be rebutted by clear and convincing evidence to the contrary if not more than one case was pending within the preceding year.

29.    Indeed, the presumption prescribed by section 362(c)(3)(B) and (C) applies in this case given Debtor's filing of the Third Case to stop the foreclosure sale after the state court's denial of Debtor's request for a stay of the foreclosure sale.

30.    Debtor has had over three years to reorganize her debts in four consecutive bankruptcy cases, but has failed to comply the Bankruptcy Code in each instance.

31.    While the Debtor alleges her Property has equity, if this is true, it is unclear why the Debtor has failed to utilize the prior filings to reorganize her debts or sell her properties and satisfy the claims of her creditors.  Nothing appears to have changed since the filing and dismissal of the Debtor's Third Case other than the Debtor's now current assertion that the filing is made in good faith.  Indeed, Debtor has taken little to no action towards reorganization since the commencement of the Instant Case. Thus, Debtor has failed to demonstrate a substantial change in her financial affairs.

32.    Also, it does not appear that Debtor's financial circumstances have substantially improved.  In fact, the post-judgment interest owed to Secured Creditor and any other judgment creditor has continued to increase the obligations of the estate, and decrease the equity available, if

6

any, to resolve the bankruptcy.  Not only have the successive filings delayed, hindered and defrauded Secured Creditor from exercising its remedies under state law, but they have substantially increased Secured Creditor's costs and attorneys' fees.

33.    Furthermore, Debtor has not demonstrated any reasonable probability of success nor has she explained why her repeated filings were not an attempt to manipulate this Court, her creditors, or the bankruptcy system in general.

34.    Debtor has failed to submit any evidence or case law to demonstrate that the presumption does not apply or that it can be defeated.  As a result, Debtor has failed to meet her burden and the Motion should be denied.

35.    Secured Creditor urges this Court to follow the First Circuit's approach and grant an order under §362(j) confirming that the automatic stay imposed by section 362 of the Bankruptcy Code, terminates thirty (30) days from the petition date so as to permit Secured Creditor to pursue its state law rights with respect to the Property.

**WHEREFORE**, Secured Creditor prays that this Court issue an Order denying the Motion and confirming that the automatic stay has lifted with respect to the Property; and for such other relief as the Court deems just and proper.

Dated:  September 27, 2019
        Westbury, New York

RAS Boriskin, LLC
Attorney for Secured Creditor
900 Merchants Concourse, Suite 310
Westbury, NY 11590
Telephone: 516-280-7675
Facsimile: 516-280-7674

By: /s/ Cleo F. Sharaf-Green
Cleo F. Sharaf-Green, Esq.
Email: csharaf@rasboriskin.com

7

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on September 27, 2019, I caused the electronic filing of the foregoing AMENDED OPPOSITION TO DEBTOR'S MOTION FOR CONTINUATION OF THE AUTOMATIC STAY with the Clerk of Court using the CM/ECF system, and a true and correct copy has been served via CM/ECF or United States Mail to the following parties:

VERLENE G. KING
163 ADELPHI STREET
BROOKLYN, NY 11205

Att: KARAMVIR DAHIYA, ESQ.
DAHIYA LAW OFFICES, LLC
75 MAIDEN LANE, SUITE 506
NEW YORK, NY 10038

OFFICE OF THE UNITED STATES TRUSTEE
U.S. FEDERAL OFFICE BUILDING  201 VARICK STREET, SUITE 1006
NEW YORK, NY 10014


Dated:  September 27, 2019
       Westbury, New York

                     RAS Boriskin, LLC
                     Attorney for Secured Creditor
                     900 Merchants Concourse, Suite 310
                     Westbury, NY 11590
                     Telephone: 516-280-7675
                     Facsimile: 516-280-7674

                     By: /s/ Cleo F. Sharaf-Green
                     Cleo F. Sharaf-Green, Esq.
                     Email: csharaf@rasboriskin.com